IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03258-BO

| | |
|---|---|
| THOMAS D. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TODD ISHEE, TERESA R. O'BRIEN, ) | |
| and DARREN JACKSON, ) | |
| ) | |
| Defendants. ) | |

Thomas D. Alexander ("plaintiff"), a state inmate, filed this civil rights complaint, pro se, pursuant to 42 U.S.C. § 1983. The matter now comes before the court on defendants' motion for summary judgment (DE 72) pursuant to Federal Rule of Civil Procedure 56(a). The issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion.

## STATEMENT OF THE CASE

On August 31, 2023, plaintiff filed the instant section 1983 complaint, alleging defendants Todd Ishee ("Ishee"), Teresa R. O'Brien ("O'Brien"), and Darren Jackson ("Jackson") violated his rights pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution because they have not applied N.C. Gen. Stat. § 15A-1354(b) to his consecutive sentences contrary to the North Carolina State court's ruling in Robbins v. Freeman, 127 N.C. App. 162 (1997). Id., aff'd, 347 N.C. 664, 496 S.E.2d 375 (1998). Ishee is the former Secretary of the North Carolina Department of Adult Correction ("DAC"), defendant Jackson is the Chairman of the Post-Release Supervision and Parole Commission ("the Commission"), and defendant O'Brien ("O'Brien") is the Director of Combined Records. (DE

74-3) ¶ 2; (DE 73-2) ¶ 2; (DE 73-1) ¶ 1). Plaintiff next filed a motion for injunctive relief and a motion to appoint counsel.

On November 21, 2023, the court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed plaintiff's claim pursuant to the Equal Protection Clause. The court, however, allowed plaintiff to proceed with his due process claim. Finally, the court denied as premature plaintiff's motion requesting the appointment of counsel and denied plaintiff's motion for injunctive relief.

On August 8, 2024, plaintiff filed a motion for summary judgment pursuant to Rule 56(a). Plaintiff also filed a statement of material facts and an appendix which included the following: his personal declaration; his sentence history; his North Carolina State court judgments; grievance-related documents; and correspondence from the DAC's combined records. In response, defendants filed a motion for summary judgment pursuant to Rule 56(a). Defendants also filed a statement of material facts and an appendix which included a declaration from each defendant.

On March 10, 2025, the court denied plaintiff's motion for summary judgment. With respect to defendants' motion for summary judgment, the court noted defendants did not attach any documentation to their motion reflecting how plaintiff's sentence was calculated and provided defendants fourteen days to supplement the record.

On March 17, 2025, plaintiff responded to defendants' motion for summary judgment. Then, on March 20, 2025, defendants responded to the court's March 10, 2025 order, and attached the following: a supplemental declaration from defendant O'Brien; plaintiff's OPUS screen view; plaintiff's offender sentencing information; a parole analysist summary; and plaintiff's offender activity summary. See (DE 84). Plaintiff filed a reply to defendants' motion for summary judgment.

## STATEMENT OF FACTS

On January 13, 2016, plaintiff pleaded guilty in the Mecklenburg County Superior Court to robbery with a dangerous weapon, possession of a stolen motor vehicle, and of being a felon in possession of a firearm. ((DE 48-6), p. 7). Plaintiff was sentenced to two consecutive terms of 75-102 months imprisonment. (Id. pp. 5, 7).

Defendant O'Brien, as the Director of Combined Records, is responsible for the development and maintenance of offender records and the sentence calculation for all offenders incarcerated in DAC facilities. ((DE 74-1) ¶¶ 1, 2). The Combined Records uses the Offender Population Unified System ("OPUS") to calculate sentencing, to determine parole eligibility, and to determine post-release supervision eligibility. (Id. ¶ 4). OPUS is a computer system which is programmed to comply with all North Carolina statutes including N.C. Gen. Stat. § 15A-1354(B). (Id.) Combined Records Sentence Auditors enter all offenders' sentence information into OPUS using the judgment and commitment documents provided by the respective clerks of court. (Id. ¶ 5). The Commission staff does not directly enter the sentence information into OPUS records. ((DE 74-2) ¶ 6).

Once Combined Records enters an inmate's sentence data into OPUS, the Commission reviews the data and uses the information to determine the inmate's release date. ((74-1) ¶ 6). Combined records is not responsible for determining an offender's release date or parole. (Id.) Instead, the Commission reviews the data in OPUS that Combined Records entered and determines the offender's release date. (Id.) The Commission next informs Combined Records of the release date and Combined Records enters the inmate's release date into OPUS. (Id.) For cases eligible for post-release supervision with consecutive sentences, the Commission approves the supervision conditions for only one of the sentences, whichever is longer. ((DE 74-2) ¶ 8).

3

Significantly, sentence calculations are not within the statutory duties and responsibilities of the Commission. ((DE 74-2) ¶ 10). To the extent an inmate believes there is a discrepancy with the information inputted into OPUS, he is required to speak to his facility's case manager. ((DE74-1) ¶ 7). The facility's case manager is responsible for reviewing OPUS with the inmate and explaining the calculations. (Id.) If the facility's case manager agrees that there is a discrepancy with an inmate's calculation, the case manager then will contact Combined Records requesting a review of the offender's records. (Id.) Then, a staff member of Combined Records will calculate the inmate's release date by hand to determine the accuracy of OPUS's calculation. (Id.)

Here, OPUS reflects plaintiff's minimum term of imprisonment is 150 months and his maximum term of imprisonment is 204 months. ((DE 84-1) ¶ 4). At the earliest, plaintiff could be released on February 2, 2028, after serving 150 months imprisonment, and the latest he could be released is May 2, 2029. (Id.) Plaintiff did not contact his Case Manager regarding his OPUS calculation prior to filing the instant action. ((DE 74-1) ¶ 9).

## DISCUSSION

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party

4

for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

Defendants raise the affirmative defense of qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Plaintiff contends defendants violated his rights pursuant to the Fourteenth Amendment's Due Process Clause because they have not applied N.C. Gen. Stat. § 15A-1354(b) to his consecutive sentences. Generally, prisoners have no constitutionally protected right to be released on parole. See Board of Pardons v. Allen, 482 U.S. 369, 381 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)). Even where a parole statute establishes a liberty interest, the procedural requirements are minimal. Id.

North Carolina General Statutes § 15A-1354 provides in pertinent part:

5

>       (b)     Effect of Consecutive Terms—In determining the effect of consecutive sentences imposed under authority of this Article and the manner in which they will be served, the Division of Prisons of the Department of Adult Correction must treat the defendant as though he has been committed for a single term with the following incidents:
>
>       (1)     The maximum prison sentence consists of the total of the maximum terms of the consecutive sentences, less 12 months for each of the second and subsequent sentences imposed for Class B through Class E felonies, or less 60 months for each second or subsequent Class B1 through E felony for which the sentence was established pursuant to G.S. 15A-1340.17(f), and less nine months for each of the second and subsequent sentences imposed for Class F through Class I felonies; and
>
>       (2)     The minimum term consists of the total of the minimum terms of the consecutive sentences.

N.C. Gen. Stat. § 15A-1354(b)(1), (2). "A prisoner whose sentence includes a minimum term of imprisonment ... is eligible for release on parole only upon completion of the service of that minimum term or one fifth of the maximum penalty allowed by law for the offense for which the prisoner is sentenced, whichever is less...." N.C. Gen. Stat. § 15A–1371(a). "[W]hen a defendant is sentenced to consecutive prison terms, the sentences are to be calculated as a single term and the effective release date for purposes of parole eligibility and the like is the date on which a defendant is physically released from incarceration." See State v. Surratt, 241 N.C. App. 380, 385, 773 S.E.2d 327, 331 (2015). OPUS reflects plaintiff's minimum term of imprisonment is February 2, 2028 and his maximum term of imprisonment is May 2, 2029. ((DE 84-1) ¶ 4).

Plaintiff's February 2, 2028 minimum release date was calculated by aggregating his two 75-month minimum consecutive sentences as a single term in compliance with N.C. Gen. Stat. § 15A-1354(b), N.C. Gen. Stat. § 15A–1371(a), and Robbins v. Freeman, 127 N.C. App. 162 (1997). See Robbins, 487 S.E.2d at 164; Surratt, 773 S.E.2d 331; King v. Baker, No. 5:01-CT-825-BR,

6

2004 WL 3331899, at *3-4 (E.D.N.C. Mar. 2, 2004), aff'd, 104 F. App'x 360 (4th Cir. 2004). Thus, plaintiff's parole or post-release supervision eligibility was calculated in accordance with the applicable statutes and Robbins. In any event, plaintiff was required to address any calculation-related discrepancy with his facility's case manager, and plaintiff failed to do so. See ((DE 74-1) ¶ 7). To the extent plaintiff alleges defendants miscalculated his sentence and that he is entitled to a shorter term of imprisonment, he must bring such claim challenging the length of his sentence as a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973); King, 2004 WL 3331899, at *2. Based upon the foregoing, plaintiff cannot establish a due process violation. Because plaintiff cannot establish a due process violation, defendants are entitled to qualified immunity.

## CONCLUSION

In summary, defendants' motion for summary judgment (DE 72) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19 day of August, 2025

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge